MURDOCK, Judge,
concurring in the result as to case number 2030567 and concurring as to case number 2031028.
I agree with the main opinion that our affirmance of the judgment of adoption of the probate court in case number 2031028 makes the separate appeal from the juvenile court’s judgment of paternity moot. I disagree as to the reason this is so, however.
Insofar as the appeal of the paternity judgment is concerned, the relief requested would amount to an adjudication by this court that would deprive the father of any parental rights to the child. The appeal seeking that adjudication is moot, not because the party prosecuting that appeal has lost her own parental rights,[5] but because such an adjudication has already been achieved in a separate proceeding; the father cannot be deprived by virtue of the appeal of the paternity judgment of any parental rights of which he has not already been deprived by virtue of our affirmance of the judgment in the adoption case.

. I am concerned that the main opinion's focus upon the mother’s loss of parental rights has the effect of a holding that a mother who has lost her parental rights has no standing to contest the father’s parental status. The correctness of such a result might be argued (the ability of a party to contest a father's paternity action or to seek the termination of a parent’s parental rights is not dependent on that party's status as a parent of the child), and the mootness of the appeal of the paternity judgment does not, in my opinion, turn on this issue.